UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA GATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-02320-NCC |
| ) | |
| NATIONAL GEOSPATIAL ) | |
| INTELLIGENCE AGENCY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant National Geospatial Intelligence Agency's Motion to Dismiss for Failure to State a Claim (Doc. 5). *Pro se* Plaintiff Linda Gates filed a letter to the Court that the Court has construed as a response (Doc. 9) and Defendant filed a reply (Doc. 10).[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 8). For the following reasons, Defendant's Motion will be granted, in part and denied, in part, and Plaintiff will be given an opportunity to file an amended complaint.

### I. Background

On April 26, 2017, *pro se* Plaintiff Linda Gates ("Gates") filed a one-page hand-written "Employment Discrimination" Petition in the Circuit Court of St. Louis County, Missouri against Defendant National Geospatial Intelligence Agency ("NGA") (Doc. 3). In her Petition, Ms. Gates alleges that the NGA wrongfully terminated her for poor performance and that, in lieu of termination, she retired (*Id.*). Plaintiff indicates that she suffered a sudden cardiac arrest and as a

---

[1] The Court notes that Plaintiff also filed a second letter (Doc. 11) but, even if the Court were to construe the second letter as a sur-reply, a sur-reply may not be filed without leave of

result she wore a defibrillator (*Id.*). Plaintiff claims that her supervisors told her that she was not given work due to "my being out ill" (*Id.*). Plaintiff also alleges that both supervisors bullied and harassed her because of her need to wear a defibrillator (*Id.*). Plaintiff asserts that the NGA did "absolutely nothing to prevent the discriminatory actions against me" (*Id.*). On August 28, 2017, NGA removed this action to this Court (Doc. 1) and subsequently filed a Motion to Dismiss (Doc. 5).

## II. Discussion

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. (citation omitted). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

---

court. *See* E.D. Mo. L.R. 4.01(C). As such, the Court will disregard this filing.

accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). All reasonable references from the complaint must be drawn in favor of the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 1999).

The Court finds that Ms. Gates has not pled sufficient facts which, if taken as true, would entitle her to relief. Ms. Gates fails to include any relevant dates in her Petition regarding the alleged employment discrimination nor does she request any relief. However, in her letter response, as well as her associated exhibits, Plaintiff appears to provide significantly more detail regarding the alleged discrimination. Therefore, the Court finds, in the interests of justice, that Plaintiff shall be allowed to file an amended complaint. Ms. Gates is warned that the filing of an amended complaint replaces her Petition and so it must include all claims she wishes to bring. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant National Geospatial Intelligence Agency's Motion to Dismiss for Failure to State a Claim (Doc. 5) is **GRANTED, in part** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days from the date of this order to file an amended complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a copy of a

blank Employment Discrimination Complaint form.

**The failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 22nd day of March, 2018.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE